IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| VALERIE SEPULVEDA,<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT ALVAREZ, and WALGREEN CO. d/b/a WALGREENS STORE #11516<br>*Defendant.* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO.: 3:24-cv-00182<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL

Defendant Walgreen Co. (Walgreens) files this Notice of Removal from state court in accordance with 28 U.S.C. §§ 1332 and 1441 and, in support, respectfully shows the following:

### I. INTRODUCTION

1. Walgreens removes this state-law action brought by its employee, Plaintiff Valerie Sepulveda, based upon diversity jurisdiction. *See* 28 U.S.C. § 1441(a). Defendant Robert Alvarez, also represented by the undersigned, consents to removal. Walgreens and Sepulveda are citizens of different states, and Sepulveda seeks damages in excess of the $75,000 threshold required for diversity jurisdiction. Furthermore, Alvarez, who is allegedly a Texas citizen, was improperly joined solely in an attempt to defeat the Court's diversity jurisdiction. With the consent of Defendant Alvarez, Walgreens files this Notice of Removal within thirty days of service of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b). Thus, removal is proper.

## II. FACTUAL BACKGROUND

2. On February 5, 2024, Sepulveda filed a lawsuit styled *Valerie Sepulveda v. Robert Alvarez and Walgreen Co. d/b/a Walgreens Store #11516*, in the 210th Judicial District Court, El Paso County, Texas. *See* Ex. A, *Pl's Orig. Pet.* at 2, 4. Sepulveda alleges her employment discrimination and retaliation claims under Chapter 21 of the Texas Labor Code. *Id.* at 7. She also seeks a variety of damages, including past and future lost wages and benefits, past and future compensatory damages for non-economic losses, exemplary damages, and attorney's fees. *Id.* at 7-8. As per her state-court petition, Sepulveda seeks "monetary relief over $250,000." *Id.* at 8.

3. On April 29, 2024, Sepulveda served this lawsuit on Walgreens, which filed its state-court Answer on May 20, 2024. *See* Ex. B, *Service Confirmation*, at 2; Ex. C, *Walgreens Gen. Denial & Defs.*, at 2; Ex. D, *State Court Docket Sheet*. With Alvarez's consent, Walgreens now files this Notice of Removal within thirty days of receiving service of process of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b). *See* Ex. B, *Service Confirmation*, at 2.

## III. ARGUMENTS & AUTHORITIES

4. Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." In the present case, the Court possesses original diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

**A.   Removal is proper because there is complete diversity between Sepulveda and Walgreens and the amount in controversy exceeds $75,000.**

5. Sepulveda is a citizen of the State of Texas and has resided and worked there at all times material to this lawsuit.

6. Walgreens is a citizen of the State of Illinois, it is incorporated under Illinois law, and its principal place of business is in Deerfield, Illinois.

7. It is facially apparent from Sepulveda's Original Petition that the amount in controversy exceeds $75,000. Sepulveda seeks a variety of damages and expressly seeks "monetary relief over $250,000." Ex. A at 8.

8. Venue is proper in the Western District of Texas, El Paso Division, under 28 U.S.C. § 1446(a). The removed action is pending in district court in El Paso County, Texas, and a substantial part of the events giving rise to Sepulveda's state law claims allegedly occurred there. *See generally* Ex. A, *Pl.'s Orig. Pet.*, at 5.

9. Pursuant to 28 U.S.C. § 1446(a), Walgreens attaches to this Notice of Removal true and correct copies of the Original Petition & Citation (Ex. A), the Service Confirmation (Ex. B), Walgreens' General Denial and Defenses (Ex. C), Alvarez's General Denial and Defenses (Ex. D) true and correct copies of the state court's Docket Sheet (Ex. E), and the State Court Notice of Removal (Ex. F), which constitute all process, pleadings, and orders served to date or that will be served to date.

10. Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, Walgreens will serve written notice of its filing on Plaintiff, and a true and correct copy of this Notice also will be filed with the district court clerk of El Paso County, Texas.

**B.   Because Alvarez is improperly joined as a co-defendant solely to defeat diversity jurisdiction, the Court retains subject matter jurisdiction.**

11. Sepulveda seeks to defeat the Court's diversity jurisdiction by adding Alvarez as a co-defendant. Sepulveda alleges that Alvarez is a "Citizen of the State of Texas." Ex. A at 4. But for Alvarez being a co-defendant, the Court would clearly have diversity jurisdiction. Under the improper joinder doctrine, federal courts retain diversity jurisdiction over matters that would have

complete diversity, but for the plaintiff adding non-diverse defendants in an attempt to avoid federal court. *See Waste Mgm't, Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020).

12. The analysis for an improper joinder of a nondiverse defendant is the same as a Rule 12(b)(6) analysis under the *Iqbal/Twombly* pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Waste Mgm't*, 974 F.3d at 533. Thus, if a plaintiff fails to state a facially plausible claim against a non-diverse co-defendant under the *Iqbal/Twombly* standard, the co-defendant should be dismissed and their lack of diversity with the plaintiff does not defeat the Court's diversity jurisdiction.

C.  **The Court should reconsider its decision in *Quinonez v. Perez* and rule that even after the 2021 amendments to Chapter 21 of the Texas Labor Code, supervisors, managers, and coworkers still may not be held individually liable.**

13. Walgreens first contends that the Court should reconsider its ruling in *Quinonez v. Perez*, that after the 2021 amendments adding new sexual harassment provisions to Chapter 21, supervisors and managers may now be held individually liable. *See* No. EP-23-CV-291-KC, 2024 WL 176601, at *1 (W.D. Tex. Jan. 16, 2024)

14. Before the 2021 amendments, it was well-settled Texas law that supervisors, managers, and coworkers may not be held individually liable for Chapter 21 employment discrimination and retaliation claims. *Williams v. Merck & Co.*, 381 F. App'x 438, 440 (5th Cir. 2010) (per curiam). When the 2021 amendments to Chapter 21 of the Texas Labor Code are properly construed according to Texas statutory interpretation standards, supervisors, managers, and coworkers still may not be held individually liable.

15. In 2021, the Texas Legislature amended Chapter 21 to include new provisions regarding sexual harassment claims and added a definition of "employer" that arguably might provide for individual liability of supervisors and managers. *See* TEX. LAB. CODE § 21.141-142.

4

16. Because Sepulveda may not assert employment-related claims against individuals, claims including not only discrimination and retaliation, but also the new 2021 sexual harassment amendments to Chapter 21, Alvarez was improperly joined.

17. In *Quinonez*, both the employer and the employee agreed that individuals may be held individually liable based on a Northern District of Texas decision in *Brown-Steffes v. Avis Budget Grp.*, No. 23-cv-1747, 2023 WL 6386510, at *5 (N.D. Tex. Sept. 29, 2023). *See Quinonez*, 2024 WL 176601, at *5. Walgreens intends to dispute that assumption in this case.

18. In *Brown-Steffes*, the district court's discussion of individual liability was dicta because its disposition of the motion to remand was based on a statute of limitations issue, not the availability of individual liability. *See Brown-Steffes*, 2023 WL 6386510, at *5 ("Even if the court assumes *arguendo* . . . that Marlow [the individual co-defendant] qualifies as an 'employer' within the meaning of § 21.142").

19. Judge Sidney Fitzwater, who authored the opinion in *Brown-Steffes* for the Northern District of Texas, is being asked to clarify that the statement regarding individual liability in *Brown-Steffes* was dicta and rule that individuals may still not be held personally liable under the new sexual harassment provisions of Chapter 21. *See Salazar v. United Parcel Service, Inc. et al.*, No. 3:24-CV-436-D, ECF No. 1 (N.D. Tex. Feb. 3, 2024), ECF No. 8 (N.D. Tex. Sept. 29, 2023). Judge Fitzwater's requested reconsideration of *Brown-Steffes* is currently under review.

**D.     Alternatively, Sepulveda has failed to plead a plausible sexual harassment claim against Alvarez.**

20.    In the alternative, the only way that Sepulveda could allege a plausible claim against an individual defendant under Chapter 21 is by alleging well-pleaded facts showing that an individual defendant violated Section 21.142, using the definitions provided in Section 21.141.

21.    Under Sections 21.141 and 21.142, to establish a sexual harassment claim against an individual defendant, an employee must sufficiently plead that: (1) the individual defendant was an actual "employer" under some theory, such as the federal economic realities standard; and (2) violated Section 21.142, which requires "sexual harassment" to have actually occurred as defined in Section 21.141 and well-settled caselaw, and also a failure by the individual defendant "to take immediate and appropriate corrective action." *See* TEX. LAB. CODE § 21.142.

22.    Sepulveda has failed to allege well-pleaded facts showing a facially plausible sexual harassment claim under Section 21.142 against Alvarez. First, the alleged sexual harassment fails to satisfy the requirements of Section 21.142 because Sepulveda only formulaically recites statutory elements without sufficient well-pleaded facts. Second, the well-pleaded facts alleged fail to support actionable sexual harassment by Senior Pharmacy Technician Danny Morales that Defendant Alvarez failed to address. Third, Sepulveda appears to have strategically decided not to include any dates, except for the date that Alvarez actually sought to address the reported incidents. Fourth, Walgreens reserves its right to assert that Sepulveda failed to exhaust her administrative remedies against Alvarez separately, to the extent Alvarez was not specifically named as a respondent in Sepulveda's charge of discrimination or any other reason shown by official records or otherwise.

**E.     Once Alvarez's improper joinder is remedied, the Court indisputably has diversity jurisdiction.**

23.     Sepulveda's complaint fails to state a plausible claim against Alvarez under the Texas Labor Code. Because Alvarez should be dismissed as improperly joined, there is complete diversity between Sepulveda and Walgreens. As a result, Sepulveda's improper joinder of Alvarez does not defeat the Court's subject matter jurisdiction and removal is proper.

### IV.  CONCLUSION & PRAYER

24.     For the foregoing reasons, Walgreens asks the Court to assume jurisdiction over this action, as a whole, based upon diversity jurisdiction. Walgreens additionally prays for all other relief to which it may be entitled.

Respectfully submitted,

*/s/ Shannon B. Schmoyer*
Shannon B. Schmoyer
State Bar No. 17780250
Richard L. Clifton
State Bar No. 24103565
Michael J. Ritter
State Bar No. 24074960
SCHMOYER REINHARD LLP
8000 IH 10 West, Suite 1600
San Antonio, Texas 78230
Phone: (210) 447-8033
Fax: (210) 447-8036
sschmoyer@sr-llp.com
rclifton@sr-llp.com
mritter@sr-llp.com

**ATTORNEYS FOR DEFENDANT WALGREEN CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via Court's E-Filing system* to:

Daniela Labinoti
Law Firm of Daniela Labinoti, P.C.
707 Myrtle
El Paso, Texas 79901
Telephone: (915) 581-4600
Facsimile: (915) 581-4605
daniela@labinotilaw.com

**ATTORNEYS FOR PLAINTIFF**

on Wednesday, May 29, 2024.

*/s/ Shannon B. Schmoyer*
Shannon B. Schmoyer
