IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

VALERIE SEPULVEDA,             §
    Plaintiff,                §
                              §
v.                             §
                              §        EP-24-CV-00182-DB
                              §
ROBERT ALVAREZ and WALGREEN    §
CO. d/b/a WALGREENS STORE      §
#11516,                        §
    Defendants.               §

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

### I.    INTRODUCTION

On this day the Court considered Plaintiff Valerie Sepulveda's ("Plaintiff") "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and In the Alternative, Motion to Enter *Sua Spone* (sic) Order," ("Mot.") filed on August 1, 2024, ECF No. 6[1]. In her Motion, Plaintiff "prays that the Court remand this case to the 210th Judicial District Court, in El Paso County, Texas or in the alternative . . . prays that the court consider its jurisdiction and the necessity to remand sua sponte, and remand this case." *Id.* at 16—17. Plaintiff's primary reason for requesting that the case be remanded back to state court is because the "Court lacks subject matter jurisdiction" as there is not complete diversity between the parties. *Id.* at 4. Plaintiff also argues that because remand is appropriate, attorney's fees and costs should also be awarded. *Id.* at 15—16. In their "Response to Plaintiff's Motion to Remand and Alternative Motion to Enter Sua Sponte Order," (Resp.") Defendants Robert Alvarez ("Defendant Alvarez") and Defendant

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Walgreens Co. ("Defendant Walgreens") argue that "[Defendant] Alvarez was improperly joined, the Court has diversity jurisdiction, and [Plaintiff's] motion for remand should be denied." Resp. 5, ECF No. 7.  Finally, in her "Reply in Support of Motion to Remand" ("Reply"), Plaintiff argues she "has pled viable sexual harassment claims against [Defendant] Alvarez" and that "Defendants failed to show that there is no reasonable basis for Plaintiff's claim" while reiterating that "remand is proper."  Reply 7, 9, ECF No. 12. After careful consideration of the Motion as well as the Response and Reply, the Court is of the opinion that such is granted in part and denied in part.

## II.    BACKGROUND

The allegations of the underlying cause of action are as follows[2]: Plaintiff filed her lawsuit against Defendants Robert Alvarez and Walgreen Co. d/b/a Walgreens Store #11516 in the 210th District Court of El Paso County, Texas, on February 5, 2024. Pl.'s Original Pet. and Jury Demand ("Original Pet.") 1, ECF No. 1-4.  Therein, Plaintiff claims that she "was hired by Defendant Walgreens on or about April 1, 2015, as [a] Pharmacy Technician." *Id.* at 5.  She states that while working at Walgreens, "Senior Pharmacy Technician Danny Morales began to sexually harass Plaintiff" including telling Plaintiff "her but was big and that she had a red thong and he could see everything when she bent over." *Id.* She claims that Danny Morales "also constantly stared at her." *Id.* Plaintiff says that she "reported the sexual harassment to the Store Manager, Sonia Wilgus, and the District Manager, Defendant Alvarez." *Id.* She then claims that "[n]othing else was done about the sexual harassment. The harassment continued." *Id.* at 6. After reporting the alleged sexual harassment to her store manager Sonia Wilgus and the district

---

[2] The Court has compiled its list of facts from the filings from both parties.

manager Defendant Alvarez, "Plaintiff reported the sexual harassment to human resources" after her managers "failed to adequately address the sexual harassment." *Id.* Plaintiff then claims that "Human Resources sent a loss prevention employee, Cielo, to take Plaintiff's statement. Nothing else was done and the sexual harassment and hostile work environment persisted." *Id.*

Following the alleged instances of sexual harassment, "Plaintiff was called into a meeting with Defendant Alvarez, Loss Prevention Manager Cielo, and Store Manager Sonia Wilgus," on May 24, 2022. *Id.* At that meeting, the loss prevention manager "required Plaintiff to write a statement about the sexual harassment that she had previously complained about" and eventually the loss prevention manager "asked the store manager to leave the office so [he and Plaintiff] could discuss another matter." *Id.* Plaintiff claims she was then "asked about some timesheet discrepancies" wherein she was told that "she failed to clock out for lunch a total of 6 times" and was then "forced to sign a document that said she would pay back the company for the time." *Id.* Finally, Plaintiff states that she "was then terminated by Defendant Walgreens." *Id.* Plaintiff argues that the reason for her "termination is pretext for discrimination and retaliation" wherein Defendant Walgreens "did not follow progressive discipline policy, did not investigate harassment, and terminated Plaintiff in violation of their own anti-retaliation policy." *Id.* at 7.

Plaintiff eventually filed her case in state court in the 210th District Court in El Paso, Texas, on February 5, 2024. *Id.* at 21. Defendant Walgreens removed the case to federal court on May 29, 2024. *See* Notice of Removal ("Notice"), ECF No. 1. Defendant argues that it removed this case to federal court based on federal diversity jurisdiction under 28 U.S.C. § 1441(a). *Id.* at 1. Defendant Walgreens claims that while "[Defendant] Walgreens and [Plaintiff] are citizens of different states, and [Plaintiff] seeks damages in excess of the $75,000 threshold

required for diversity jurisdiction," Defendant Alvarez "who is allegedly a Texas citizen, was improperly joined solely in an attempt to defeat the Court's diversity jurisdiction." *Id.* In response to Defendant Walgreens' removal, Plaintiff filed this instant Motion. *See* Mot., ECF No. 6. The Court will now address each issue in turn.

### III.   LEGAL STANDARDS

#### 1. Federal Subject Matter Jurisdiction
#### A. Diversity of Citizenship

Under 28 U.S.C. § 1332(a)(1), federal district courts have subject matter jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between – citizens of different states." 28 U.S.C. § 1332. "'Between Citizens of different States' means the parties to the action must be *completely diverse*," *Martinez v. Pfizer Inc.*, 388 F.Supp.3d 748, 761 (W.D. Tex. 2019) (emphasis added). Specifically, this means that "[a] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Id.* "A natural person's citizenship lies in the state where the person is domiciled." *Id.* at 763. Further, under this same statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

#### B. Removal and Remand

Under 28 U.S.C. § 1441, cases can be removed to federal court if a federal court would have had original jurisdiction over the case had it been originally filed there. *See* 28 U.S.C. § 1441. Importantly, "[w]hen a suit is removed based upon a claim of diversity jurisdiction, the diversity jurisdiction must exist *at the time* of removal." *Martinez*, 388 F.Supp.3d at 761

(emphasis added). "When original federal jurisdiction is based on diversity, however, a

defendant may remove only 'if none of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought.'" *Gasch v. Hartford Acc. &*

*Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).  The removing party "bear[s] the burden of

establishing jurisdiction," *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) (citation

omitted).

If a court finds that a case has been erroneously removed to federal court, it can remand

the case back to the state court from which it came.  "A district court is obligated to remand an

action removed on the purported basis of diversity jurisdiction if the removing defendant does

not carry [its] burden." *Martinez*, 388 F.Supp.3d at 762 (citing to 28 U.S.C. § 1447(c)).  Because

"the effect of removal is to deprive the state court of an action properly before it, removal raises

significant federalism concerns." *Gasch*, 491 F.3d at 281.  And therefore, "the removal statute is

. . . to be strictly construed, and any doubt about the propriety of removal must be resolved in

favor of remand." *Id.* at 281–282.

### C. Fraudulent or Improper Joinder

Lower courts have a few methods of establishing whether a case has been fraudulently or

improperly removed from state court to federal court.  However, neither the Fifth Circuit, nor

other circuits "have been clear in describing the fraudulent joinder standard," *Travis v. Irby*, 326

F.3d 644, 647 (5th Cir. 2003).  But the Supreme Court *has* "made clear that the burden on the

removing party is to prove that the joinder of the in-state parties was improper -- that is, to show

that sham defendants were added to defeat jurisdiction," *Smallwood v. Illinois Cent. R. Co.*, 385

F.3d 568, 575 (5th Cir. 2004).

The Fifth Circuit has previously held that "[f]raudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court," *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). "[A] [lower] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both," *Int'l Energy Ventures Mgmt., L.L.C.[3] v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). "[T]he removing party must prove that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court," *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "Stated differently, [the court] must determine whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the non-diverse defendant's] liability on the pleaded claims in state court," *Travis,* 326 F.3d at 647.

Under either theory of improper or fraudulent joinder, in order to establish an improper joinder, a district court may "pierce the pleadings, and consider summary judgment-type evidence in the record," but it must resolve "any contested issues of fact and any ambiguities of state law" in the non-removing party's favor. *Id.* at 648–649. But, "[t]he scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6)," *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). "Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that

---

[3] Hereinafter referred to as "IEVM".

state law might impose liability.'" *Id.* (citation omitted). "This requires a *reasonable* possibility of recovery, not merely a *theoretical* one." *Martinez*, 388 F.Supp.3d at 764 (citation omitted).

### D. Fraudulent Misjoinder

In addition to fraudulent or improper joinder, there is also the concept of fraudulent misjoinder. "The fraudulent misjoinder doctrine has not been expressly adopted by the Fifth Circuit Court of Appeals, but the Court of Appeals has recognized the general principle in *dicta*, indicating that it could be applied under the appropriate circumstances, and several federal district courts in the Fifth Circuit have applied the doctrine." *Id.* at 772–773. This doctrine "exists to fill in the gap where a plaintiff may be able to state a viable cause of action against a non-diverse defendant and thus could show that the non-diverse defendant is not improperly joined, but the joinder of the non-diverse defendant is not made in good faith . . .." *Id.* at 773. Fraudulent misjoinder is "a two-step analysis." *Id.* "First, courts consider whether a misjoinder has occurred by evaluating the appropriateness of joining the claims and parties under the governing state joinder law." *Id.* And then "if the court finds that the non-diverse defendant is misjoined, it proceeds to the second step and considers whether that misjoinder is fraudulent." *Id.*

### 2. Sexual Harassment Claim
### A. Plausible Claim

To pass muster under Rule 12(b)(6), or the summary judgment standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face." *IEVM*, 818 F.3d at 200 (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint that offers "labels

7

and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id.* at

678 (citation omitted). A complaint will similarly not suffice "if it tenders naked assertion[s]

devoid of further factual enhancement" or contains "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Id.* (citations omitted) The complaint

must also contain something more "than . . . a statement of facts that merely creates a suspicion

[of] a legally cognizable right of action," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "Whether a plaintiff has stated a valid state law cause of action 'depends upon and is

tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'"

*Martinez*, 388 F.Supp.3d at 765 (citation omitted).

### B. Definition of Employer

The Texas Commission on Human Rights Act ("TCHRA") "governs relationships

between employers and employees" in Texas. *Bautista v. SWBC Pro. Emp. Serv. I, LLC, MPII,

Inc., Michael Czerwien, Kristin Tips, Robert Tips*, No. SA-22-CV-00247-XR, 2023 WL

11979506 at *3 (W.D. Tex. Mar. 17, 2023). "In 2021, the Texas legislature modified the TCHRA

by adding §§ 21-141 and 21-142. Section 21-141 amended the definition of 'employer' within its

subchapter." *Id.* As a result of this change, according to the Texas Labor Code § 21.141(1),

"[f]or sexual harassment claims, 'Employer' means a person who: (A) employs one or more

employees; or (B) acts directly in the interests of an employer in relation to an employee."

*Quinonez*, 712 F.Supp.3d at 888. This change also "expanded liability for sexual harassment

claims to individuals acting in the interests of an employer" under the Labor Code. *Bautista*,

2023 WL 11979506 at *3. "By adopting the [TCHRA], the Legislature intended to correlate

state law with federal law in employment discrimination cases," specifically The Family and

Medical Leave Act ("FMLA") and The Fair Labor Standards Act ("FLSA"), therefore, the

*Bautista* court "look[ed] to federal law to interpret the Act's provisions." *Id.* at *3; *see also*

*Hernandez v. Ho'olaulima Gov't Sol.*, LLC, 2024 WL 3648280 at *8 (W.D. Tex. Aug. 2, 2024)

(finding that "[c]ourts have interpreted the definition of 'employer' under section 21.141

consistently with similar definitional language in the Family and Medical Leave Act ('FMLA')

and the Fair Labor Standards Act ('FLSA')."

The *Quinonez* court found that interpreting the FMLA and FLSA's versions of 'employer'

in Section 21.141 of the Texas Labor Code was "persuasive for four reasons." *Quinonez*, 712

F.Supp.3d at 888. "First, the language of section 21.141(1) bears an unmistakable resemblance

to the definitions of 'employer' in the FLSA and FMLA." *Id.* Next, "there is a well-established

basis for interpreting provisions of Texas state employment law in line with analogous and

similarly worded provisions of federal employment law." *Id.* at 889. Third, because simply

"reading the plain text of the statute does not offer a workable alternative because 'act[ing]

directly in the interests of an employer in relation to an employee' could mean many things." *Id.*

And lastly, there appears to be no "legislative history that would impugn the approach of reading

section 21.141(1) in line with the FLSA and FMLA." *Id.*

"[O]ne notable difference is that section 21.141 limits employer status to those who act

'directly' in the employer's interests, whereas the FMLA and FLSA confer employer status on

those acting either 'directly or indirectly.'" *Quinonez*, 712 F.Supp.3d at 889. Under the FLSA,

"[c]ourts apply the 'economic reality test' when determining a party's status as an employer. . . ."

*Id.* (citation omitted). The 'economic reality test' ("ERT") "entails four considerations: whether

the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employment records." *Id.* Every element does not need

to be established in every case. *See id.* Notably, courts should not "blindly apply the FLSA's

four-factor economic reality test to determine whether someone is an employer." *Id.* at 890. As

late as 2024, "no Texas appellate court ha[d] yet offered guidance on the scope and meaning of

an 'employer' under the State's relatively new sexual harassment law." *Id.* at 893. The lack of

guidance, therefore, counsels in favor of remand. *Id.*

### 3. Attorney Fees

The removal statute, 28 U.S.C. § 1447(c), "permits a court to award just costs and any

actual expenses, including attorney fees, incurred as a result of the removal." *Martinez*, 388

F.Supp.3d at 776. However, "generally, the court may award attorney's fees" under this

provision "only where the removing party lacked an objectively reasonable basis for seeking

removal." *Id.* Whereas if there is "an objectively reasonable basis[,] . . . fees should be denied."

*Id.* These awards of attorney's fees "are within the [c]ourt's broad discretion," *Quinonez,*, 712

F.Supp.3d at 893.

## IV.    ANALYSIS

### A. This Court lacks subject matter jurisdiction because there was no improper joinder, and Plaintiff may have a plausible claim against Defendant Robert Alvarez, who could be defined as an employer, therefore requiring remand.
#### i.    *Defendant Alvarez can be considered an "employer" under current law*

In this lawsuit, Plaintiff argues that Defendant Alvarez was her employer under Texas

Labor Code § 21.141(1)(B), and that he violated the law when he did not take appropriate

remedial action when she complained about sexual harassment in the workplace. Mot. 14, ECF

No. 6.; *see* Original Pet., 5—6, ECF No. 1-4. Defendants Walmart and Alvarez argue that only

Defendant Walgreens is an "employer" for purposes of Plaintiff's claims, and that Plaintiff is incorrect in alleging that Defendant Alvarez is her employer for purposes of her sexual harassment claim. *See* Resp. 5—6, ECF No. 7.

For sexual harassment claims, 'Employer' means "a person who employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee." *Quinonez*, 712 F.Supp.3d at 888; *see also* Tex. Lab. Code § 21.141(1)(A)—(B). This definition does not tell the whole story, however, because of recent changes to labor law in Texas. In 2021, the Texas legislature modified the language of the TCHRA[4], which "governs relationships between employers and employees and was intended to implement Title VII of the Civil Rights Act of 1964." *Bautista*, 2023 WL 11979506 at *3 (W.D. Tex. Mar. 17, 2023). This change is not insignificant because "by adopting the [TCHRA], the [Texas] Legislature intended to correlate state law with federal law in employment discrimination cases." *Id.* at *4. Because of the correlation between state law and federal law with regard to employment discrimination cases, courts must "look to federal law to interpret the [TCHRA's] provisions." *Id.*

In order to analyze the definition of "employer," the *Quinonez* court "utilize[d] the framework developed to understand the FMLA and FLSA definitions of "employer" as a reference point for construing "employer" under § 21.141(1)." 712 F.Supp.3d at 889. This Court will also analyze the definition of employer under this framework. The Court must consider the following four factors: "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

---

[4] Texas Commission on Human Rights Act.

employment records." *Id.* Plaintiff need not establish each element to prevail in showing that Defendant Alvarez was her employer. *See id.* ("[A] [p]arty need not establish each element in every case").

### a. Defendant Alvarez possessed the power to hire and fire Plaintiff

In her original Petition, Plaintiff alleges she was the victim of alleged sexual harassment at her workplace.[5] *See* Original Pet. 5. ECF No. 1-4. After reporting this alleged harassment to her store manager, Defendant Alvarez, who was her district manager, and human resources, Plaintiff claims that "nothing was done" about this alleged harassment. *Id.* at 5—6. Seemingly partly in response to the sexual harassment allegations, on or about May 24, 2022, Plaintiff claims that she was called into a meeting with "Defendant Alvarez, Loss Prevention Manager [], and Store Manager Sonia Wilgus" ("Wigus"). *Id.* at 6. While Wilgus apparently left the meeting before its end, the loss prevention employee as well as Defendant Alvarez remained in the room with Plaintiff at which time she was "terminated by Defendant Walgreens." *Id.* Specifically, Plaintiff states that "Wilgus was excused and [Defendant] Alvarez proceeded to terminate [Plaintiff's] employment." Mot. 5, ECF No. 6. Defendant Walgreens argues that Plaintiff "swore under oath that it was Store Manager Wilgus who terminated her employment" in her EEOC[6] charge. Resp. 19, ECF No. 7; *see also* EEOC Charge 148, Resp., ECF No. 7-1 (in which Plaintiff states "[t]hen I was terminated by the Store Manager."). In her Reply, Plaintiff alleged that "[Defendant] Alvarez was a supervisor with the power to fire her." Reply 8, ECF No. 12.

---

[5] Plaintiff claims that that the senior pharmacy technician at the Walgreens store at which she worked "told Plaintiff her butt was big and that she had a red thong and he could see everything when she bent over." Original Pet. 5, ECF No. 1-4.

[6] Equal Employment Opportunity Commission.

While there is a clear discrepancy between what Plaintiff alleged in her sworn EEOC

Charge[7] (that her "Store Manager" terminated her) versus what she alleged in her Motion[8] (that

"[Defendant] Alvarez proceeded to terminate [Plaintiff's] Employment) and original Petition[9]

(that Plaintiff was "terminated by Defendant Walgreens.), the analysis does not hinge on *who*

terminated Plaintiff, but rather *who had the power* to terminate plaintiff. In all versions of her

narrative, Defendant Alvarez is in the room when Plaintiff is terminated, whether it was by

Defendant Alvarez himself, by Defendant Walgreens, or by store manager Wilgus. A plausible

inference, therefore, can be made in Defendant Alvarez's presence at all versions of the meeting,

that he would have had the power to fire her. Because the Court believes that Defendant

Alvarez, in his capacity as District Manager, would have had the power to hire and fire Plaintiff,

this factor weighs in favor of Defendant Alvarez being an "employer" under the Texas Labor

Code.

### b.  Defendant Alvarez supervised and controlled Plaintiff's work schedule and/or conditions of employment

Throughout her filings, Plaintiff claims that she "reported the sexual harassment" of the

senior pharmacy technician to Defendant Alvarez who did "nothing . . . about the sexual

harassment." Original Pet. 5—6, ECF No. 1-4. And that "instead of investigating [Plaintiff's]

complaints, [Defendant] Alvarez terminated" her. Mot. 9, ECF No. 6. Defendant Walgreens

counters by stating that the allegation of Defendant Alvarez being Plaintiff's supervisor "would

have no weight because it is: (1) unsupported by any factual enhancements . . . ; and (2)

---

[7] EEOC Charge 148, Resp., ECF No. 7-1.
[8] Mot. 5, ECF No. 6.
[9] Original Pet. 5. ECF No. 1-4.

noticeably fails to address the most important part of this fact which is that the individual

defendant 'supervised and controlled employee work schedules or conditions of employment.'"

Resp. 20, ECF No. 7. The Court agrees with Defendant Walgreens' characterization of

Plaintiff's allegations lacking "factual enhancements," however, the Court disagrees with

Defendant Walgreens' assertion that Plaintiff's allegations fail to address that Defendant Alvarez

"supervised and controlled" Plaintiff's "conditions of employment."

The court in *Hernandez* recognized that "a single incident of harassment, if sufficiently

severe, could give rise to a viable hostile workplace claim." *Hernandez*, 2024 WL 3648280 at

*10. While this Court is not going to assess the severity of the alleged harassment Plaintiff

suffered, it is clear from *Hernandez* that harassment, if severe enough, could create a hostile

workplace. It is not a leap for this Court to infer that if Plaintiff reported this harassment to

Defendant Alvarez, which according to her, created *at least* uncomfortable conditions of

employment[10], and Defendant Alvarez failed to adequately address the situation, thereby

potentially allowing the uncomfortable conditions of employment to continue, then Defendant

Alvarez had at least some control over Plaintiff's conditions of employment. This is not the

strongest factor in Plaintiff's favor, but it can be easily inferred that as the district manager

Defendant Alvarez would have had at least some control and supervision over Plaintiff's

conditions of employment. Therefore, this factor weighs in favor of Defendant Alvarez being an

"employer" under the Texas Labor Code.

---

[10] In her EEOC Charge, Plaintiff states that the senior pharmacy technician "made comments that [her] butt was big and would tell [her] that [she] had a red thong and he could see everything when [she] bent over. He said this in front over other employees. He would constantly stare at [Plaintiff]. To avoid this sexual harassment, [Plaintiff] tried not to be alone with him in a room, or [Plaintiff] would leave the area where he would come over. [Plaintiff] tried to stay away from him." EEOC Charge 148, Resp., ECF No. 7-1.

**c. Defendant Alvarez did have substantial control over Plaintiff's rights in the workplace and is therefore categorized as her employer**

"For FMLA purposes, the overarching question becomes whether the [purported employer] controlled [the] plaintiff's rights under the FMLA." *Quinonez*, 712 F.Supp.3d at 890. On this point, Plaintiff argues that Defendant Alvarez's control over her rights is "evidenced by his position of authority, District Manager, her complaints of sexual harassment to him, his participation in the investigation, his failure to take immediate action, his discussion of the complaints on May 24, 2022, prior to [Plaintiff's] termination, and his decision to terminate [Plaintiff]." Orig. Pet. 5—6, ECF No. 1-4. The Court agrees that based on the evidence provided by Plaintiff, it is reasonable to believe that Defendant Alvarez did have substantial control over Plaintiff's rights in the workplace. The Court also notes that neither Plaintiff nor Defendants Walgreens or Alvarez adequately addressed factor (3) whether the alleged employer determined the rate and method of payment, and factor (4) whether the alleged employer maintained employment records. For all of the reasons stated above, the Court is of the opinion that Defendant Alvarez is an "employer" under § 141.21 of the Texas Labor Code.

**ii. Because Defendant Alvarez is defined as Plaintiff's employer, Plaintiff can plausibly state a cause of action against him and therefore he is not fraudulently or improperly joined.**

**a. Plaintiff can plausibly state a cause of action against Defendant Alvarez as her employer**

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A complaint that offers "labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id.* at 678. The complaint must also contain something more

"than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. In this context, as in the context of *Martinez*, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Martinez*, 388 F.Supp.3d at 766 (citation omitted). "Whether a plaintiff has stated a valid state law cause of action 'depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id.* at 765 (internal citation omitted).

Here, Plaintiff argues that she has a "reasonable basis of recovery against [Defendant] Alvarez in state court." Mot. 13, ECF No. 6. Plaintiff states that she "brought claims against her former district manager [Defendant Alvarez] for not taking immediate correction action in response in violation of Texas Labor Code § 21.142." *Id.* Plaintiff also argues that Defendant Walgreens "has not shown that there is no possibility that Plaintiff would be able to establish a cause of action against [Defendant] Alvarez in state court." Mot. 15, ECF No. 6. Defendant Walgreens counters and states that Plaintiff has "failed to state a plausible sexual harassment claim against Defendant [] Alvarez under Chapter 21 of the Texas Labor Code." Resp. 3, ECF No. 7. Defendant Walgreens states that Plaintiff worked at Walgreens for seven years, and during that seven-year time frame, the "sole allegation of sexual harassment" was the action by the senior pharmacy technician. *Id.*; *see also* n. 10, *supra*. Defendant Walgreens argues that Plaintiff "has failed to allege sufficient well-pleaded facts establishing that 'sexual harassment of an employee occur[red]." Resp. 8, ECF No. 7 (citing to Tex. Lab. Code Sec. 21.142). Plaintiff counters Defendant Walgreens' argument by stating that the Court's analysis "is simply whether Defendants have shown there is no reasonable basis that [Plaintiff] has pled viable claims against

16

[Defendant] Alvarez. Reply 7, ECF No. 12 (citing to *Smallwood*, 385 F.3d at 572—73).  "The Court does not decide whether plaintiff will actually, or even probably, prevail on the merits, but looks only for a possibility that she may do so." *Id.*  Plaintiff ends by stating that "Defendants have failed to show that [Plaintiff's] claims against [Defendant] Alvarez lack any reasonable basis." *Id.* at10.

Defendant Walmart argues that Plaintiff has "failed to allege sufficient well-pleaded facts establishing that 'sexual harassment of an employee occur[red]," and the Court should therefore "deny Plaintiff['s] motion to remand" as a result. Resp. 3, 8, ECF No. 7.  The Court disagrees. This Court finds that Plaintiff's claim does have facial plausibility which allows this Court "to draw a reasonable inference that [Defendant] Alvarez is liable for the misconduct alleged." *Bautista*, 2023 WL 11979506 at *3 (internal citation omitted).  And therefore, finds that there is "at least an arguably reasonable basis for predicting" that Plaintiff would be able to recover against Defendant Alvarez under the Texas Labor Code. *See Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286—287 (5th Cir. 2000).

As previously mentioned, this Court has already held that "that Defendant Alvarez is an "employer" under § 141.21 of the Texas Labor Code." *See* Analysis Section VI(A)(i)(c) *supra*. To briefly summarize, Defendant Alvarez can be considered an employer under current law because as district manager he had the ability to hire and/or fire Plaintiff, the ability to control her working conditions, and he had substantial control over Plaintiff's rights in the workplace. *Id.*

While this Court is not going to make a determination as to what does and does not count as sexual harassment, it does agree that "a single incident of harassment, if sufficiently severe,

17

could give rise to a viable' hostile workplace claim." *Hernandez*, 2024 WL 3648280 at *10.

Here, Plaintiff alleges that another employee, a superior, as the senior pharmacy technician, made comments about the size of her butt, made comments about the color of her undergarments, and would constantly stare at her. Whether or not those allegations are enough for a hostile workplace claim isn't the question that the Court answers today. The Court does find that these allegations could certainly rise to the point of making Plaintiff feel uncomfortable, self-conscious, humiliated, and importantly, intimidated, as this was her superior within the pharmacy. *See* Tex. Lab. Code § 21.141(2)(D) ("Sexual harassment" means an unwelcome sexual advance, a request for a sexual favor, or any other verbal or physical conduct of a sexual nature if: the advance, request, or conduct has the purpose or effect of creating an intimidating, hostile, or offensive working environment.").

Defendants say throughout their filings that Plaintiff's pleaded facts and allegations are simply not enough. That she "has failed to allege sufficient well-pleaded facts" which establish whether she was sexually harassed. Resp. 7, ECF No. 7. The Court disagrees. This Court does not find that Plaintiff's allegations are "naked assertion[s] devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. This Court does not need "detailed factual allegations" in order to find that there is a plausible cause of action against Defendant Alvarez. *See TnT Gaming Ctr LLC v. Am. Specialty Ins.*, 2024 WL 5056630 at *4 (N.D. Tex. Dec. 10, 2024) (internal citation omitted). It just needs "factual allegations" in the complaint which "must be enough to raise a right to relief above the speculative level." *Hernandez*, 2024 WL 3648280 at *2. In her Complaint, Plaintiff outlined the alleged harassment that she suffered, she stated the

steps she took to get the situation remedied, including reporting this alleged harassment to her store manager as well as to Defendant Alvarez, and then reports that the situation was not remedied, and she was instead fired. This is enough to find that Plaintiff can plausibly state a cause of action against Defendant Alvarez as her employer.

### b. There is no fraudulent or improper joinder of Defendant Alvarez

The entire crux of Defendant Walmart's removal of the instant case to federal court from state court is that Plaintiff sought "to defeat the Court's diversity jurisdiction by adding [Defendant] Alvarez as a co-defendant." Notice 3, ECF No. 1. Defendant Walmart urges the Court to find that Defendant Alvarez was improperly joined under the improper joinder doctrine, thereby retaining federal jurisdiction, and keeping the case in federal court. *Id.* at 3—4. Plaintiff contends that Defendant Alvarez was not improperly joined, and because both Plaintiff and Defendant Alvarez are citizens of Texas, Defendant Walgreens improperly removed the case to federal court. Mot. 4, ECF No. 6.

Fraudulent joinder can be established by a showing of either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court," *McKee*, 358 F.3d at 333. Lower courts may "choose to use either one of these two analyses, but [they] must use one and only one of them, not neither or both," *IEVM*, 818 F.3d at 207. "[T]he removing party must prove that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court," *Griggs*, 181 F.3d at 699. Stated differently, the court "must determine whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the non-

diverse defendant's] liability on the pleaded claims in state court," *Travis*, 326 F.3d at 647. Under either theory, to establish an improper joinder, a district court may "pierce the pleadings, and consider summary judgment-type evidence in the record," but it must resolve "any contested issues of fact and any ambiguities of state law" in the non-removing party's favor. *Id.* at 648–649. "Under the second prong (inability to establish a cause of action), the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Campbell*, 509 F.3d at 699 (citation omitted). "This requires a reasonable possibility of recovery, not merely a theoretical one." *Martinez*, 388 F.Supp.3d at 764 (citation omitted).

After careful review of pleadings, including exhibits, and after having established that 1) Defendant Alvarez can be designated an "employer" under the Texas Labor Code, and 2) that Plaintiff has pled sufficient facts to plausibly state a cause of action against Defendant Alvarez, the Court finds Defendant Alvarez was *not* improperly joined to defeat diversity jurisdiction. Defendant Walgreens has not come close to showing that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against" Defendant Alvarez. *Griggs*, 181 F.3d at 699. The evidence put forth by Defendant Walgreens includes that Plaintiff "alleged no facts showing [Defendant] Alvarez failed to take prompt remedial action." Resp. 3, ECF No. 6. And that as a supervisor or manager, Defendant Alvarez "should not be considered a Subchapter C-1 'employer'" and that Plaintiff "has not alleged facts establishing [Defendant] Alvarez is her employer under the FMLA/FLSA economic realities test." *Id.*

While it is unclear whether Defendant Alvarez took "prompt remedial action," in response to Plaintiff's allegations of sexual harassment, this Court finds that Defendant Alvarez is considered a Subchapter C-1 employer, and he is an employer pursuant to the FMLA/FLSA

20

economic realities test. Plaintiff has also pled sufficient facts to plausibly state a cause of action against Defendant Alvarez, specifically that Plaintiff pleaded facts that could rise to the level of sexual harassment, and has alleged her employer Defendant Alvarez, did not take remedial action to correct that harassment. Because Defendant Walgreens has not shown that Plaintiff would be unable to establish a cause of action against Defendant Alvarez, the Court finds that he has not been improperly joined.

### iii. The Court lacks subject matter jurisdiction because there is not complete diversity and remand is the only appropriate action

"The burden to show that federal jurisdiction exists and that removal is proper lies with the removing party." *Martinez*, 388 F.Supp.3d at 761. A defendant can "remove a civil action brought in State court on the basis of" diversity jurisdiction under 28 U.S.C. § 1332, *see id.*, so long as all of the parties are citizens of different states. When a case is removed to federal court based on diversity jurisdiction, "the diversity jurisdiction must exist at the time of removal." *Id.* at 762. And because "[r]emoval deprives a state court of the opportunity to adjudicate a case properly before it," significant federalism concerns arise. *Quinonez*, 712 F.Supp.3d at 884. Due to these significant federalism concerns, "federal courts must strictly construe removal statutes and resolve doubts about removal in favor of remand." *Id.* As was done here, "[a] party can challenge the propriety of a removal by attempting to remand the case back to state court." *Id.* However, if at any point the federal court loses jurisdiction, "remand must be granted if a defect in subject matter jurisdiction arises." *Id.*

There is no dispute as to the citizenship of Plaintiff, who resides in Texas, nor Defendant Alvarez, who also resides in Texas. And although Defendant Walgreens has alleged that Defendant Alvarez was improperly joined to the case to defeat diversity jurisdiction, this Court

21

has found that not to be the case. Because Plaintiff did not improperly join Defendant Alvarez to this lawsuit, and because Plaintiff and Defendant Alvarez are both citizens of the state of Texas, diversity jurisdiction did not exist at the time of removal. As such, this Court does not, and has never had, jurisdiction over the instant case. As a result, this Court has no choice but to remand the instant case back to state court.

### B. Attorney fees are not warranted

Plaintiff has requested the payment of "just costs and actual expenses, including attorney fees, incurred as a result of removal." Mot. 15, ECF No. 6 (citing to 28 U.S.C. §1447(c)). She also argues that "[a]bsent unusual circumstances, courts should award costs and fees upon remand of a case 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* at 15. Defendant Walgreens argues that Plaintiff is not entitled to costs and fees, to include attorney fees, because Defendant "Walgreens's notice of removal is not objectively groundless in any manner." Resp. 3, ECF No. 7. It is true that 28 U.S.C. § 1447(c) does "permit[] a court to award just costs and any actual expenses, including attorney fees, incurred as a result of the removal," however, this decision is solely within the Court's discretion and "turns on the reasonableness of the removal." *Martinez*, 388 F.Supp.3d at 776. The standard for reasonableness is high and requires the Court to look "to the objective merits of removal at the time of removal." *Id.* If an "objectively reasonable basis" existed for the removing party to remove to federal court, attorney fees are not warranted. *Id.*

Here, the Court is of the opinion that there did exist an objectively reasonable basis for Defendant Walgreens to remove to federal court at the time of removal. The law defining an employer for sexual harassment purposes under the Texas Labor Code has been revised fairly

recently, and that could certainly cause potential confusion or raise further questions about who does and does not qualify as an employer. Finding that Defendant Walgreens did have an objectively reasonable basis for removing the instant case at the time of removal, attorney fees are not warranted and will not be awarded.

## V.    CONCLUSION

Plaintiff Valerie Sepulveda moved this court to remand her case back to the 210th District Court in El Paso County, Texas. Plaintiff argues that removal to federal court was improper because complete diversity did not exist between Plaintiff and Defendant Robert Alvarez, who are both citizens of Texas. Defendant Walgreens argued that Plaintiff improperly joined Defendant Alvarez solely for the purpose of defeating diversity jurisdiction, as there are no viable causes of action Plaintiff can bring against Defendant Alvarez in state court.

The Court finds that Defendant Alvarez was not improperly joined to the instant lawsuit, rendering complete diversity impossible between the parties, and therefore divesting this Court of jurisdiction over the matter and requiring remand to state court. It is the Court's opinion that the following orders shall issue:

**IT IS HEREBY ORDERED** that Plaintiff Valerie Sepulveda's "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and in the Alternative, Motion to Enter Sua Spone (sic) Order," ECF No. 6, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Valerie Sepulveda's request for attorney's fees is **DENIED**.

23

**IT IS FURTHER ORDERED** that the above-referenced case be **REMANDED** to the 210th District Court in El Paso County, Texas from whence it came.

**SIGNED** this _9th_ day of **MAY 2025**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

24